## PUBLIC UTILITIES

**MUNICIPALITIES – COUNTIES - POLITICAL SUBDIVISIONS AND STATE AGENCIES REQUIRED TO BE MEMBER OF ONE-CALL SYSTEM UNDER "MISS UTILITY LAW"**

November 19, 1998

*The Honorable Thomas L. Bromwell*
*Maryland Senate*

You have requested our opinion about the entities that are required to be members of the "one-call" system under Maryland's "Miss Utility Law." The Miss Utility Law requires the owners of certain underground facilities to be members of a one-call system. You have asked whether the term "owner" includes political subdivisions, municipalities and State agencies that own underground facilities.

For the reasons which follow, it is our opinion that an owner includes political subdivisions, municipal corporations, and State agencies.

## I

### The Miss Utility Law

To protect certain underground facilities from damage caused by excavation, the Miss Utility law requires that the owners of such facilities be members of a one-call system. Maryland Code, Public Utilities Companies Article ("PUC"), §§12-102 and 12-109(b). Such underground facilities include pipes, sewers, conduits, wires, and other facilities for the storage or conveyance of water, sewage, oil, gas, electricity, or electronic communications PUC §12-101(h). Persons who intend to undertake an excavation must notify the owners of such facilities either directly or through a one-call system of their intentions. PUC §12-108(a). Owners are then required to mark the surface of the location of underground facilities near a proposed excavation. PUC §12-110(a).

For purposes of this law, "owner" means a "person" that owns and operates an underground facility and has the right to bury an underground facility. PUC §12-101(f)(1). The general rule is that the word "person" in a statute does not include the State, its agencies or subdivisions unless an intention to include these entities is manifested by the Legislature. *Unnamed Physician v. Commission on Medical Discipline,* 285 Md. 1, 12, 400 A.2d 396 (1979). However, under this statute, a "person" includes a "municipal corporation" and "a governmental unit, department or agency". PUC §12-101(g). Moreover, the statute also specifies that an "owner" includes a "political subdivision" and "municipal corporation". PUC §12-101(f)(2). *See also* PUC §12-111 ("political subdivision or municipal corporation authorized to charge marking or re-marking fee).

The Miss Utility Law manifests an intent to encompass governmental units within the definition of owner and to obligate them to be members of a one-call system. This intention is also reflected in the law's legislative history.

The essential provisions of the present Miss Utility Law were enacted in 1990 amendment of Article 78, §28A.[1] The then existing law applied only to the underground facilities of public service companies. However, as pointed out in a statement of the Public Service Commission, this amendment expanded the application of the law from public service companies to virtually all owners of underground facilities. *See* Statement from Public Service Commission to Senate Finance Committee (January 25, 1990).

The broad application of the Miss Utility Law was clearly understood by affected public authorities. In a statement to the Senate Finance Committee dated January 25, 1990, the Maryland Municipal League declared "The Maryland Municipal League opposes S.B. 224 which would require municipalities and other

---

[1] Article 78, §28A as subsequently amended, was repealed along with the rest of Article 78 when the Public Utility Companies Article was created. Chapter 8, §1, Laws of Maryland, 1998. The repeal of Article 78 and the enactment of the new Article took effect on October 1, 1998. Chapter 8, §13, Laws of Maryland, 1998. *See also* Chapter 653, Laws of Maryland 1998.

underground facility owners to participate in a one-call system for facilities marking and notification."

## II

## Conclusion

In conclusion, it is our opinion that the Miss Utility Law requires all owners of certain underground facilities to be members of a one-call system.  For purposes of this requirement, owner includes political subdivisions, municipalities and State agencies.

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Robert N. McDonald
*Chief Counsel*
  *Opinions and Advice*